UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE THORNTON, and<br>SUSAN MULLOOLY<br><br>　　　　　　　　　　Plaintiffs,<br><br>- v -<br><br>MILBANK INSURANCE COMPANY d/b/a<br>STATE AUTO INSURANCE COMPANIES,<br><br>　　　　　　　　　　Defendant. | COMPLAINT<br><br>Index No.: _____ |

Plaintiffs Lance Thornton and Susan Mullooly ("Plaintiffs") by and through their attorneys, Duke Holzman Photiadis & Gresens LLP, as and for their Complaint against Milbank Insurance Company d/b/a State Auto Insurance Companies ("State Auto" or "Defendant"), state and allege as follows:

PARTIES

1. Plaintiffs are individuals who, at all relevant times, owned and resided at real property located at 410 Roslyn Avenue, County of Erie, and State of Pennsylvania (the "Property").

2. Upon information and belief, State Auto was and is an insurance company organized and duly authorized to transact insurance business in the State of Pennsylvania.

JURISDICTION AND VENUE

3. Jurisdiction is proper based upon diversity. There is complete diversity between the proper parties to this lawsuit under 28 U.S.C. § 1332.

4. State Auto is an Iowa insurance company organized under the laws of Iowa with its principal place of business in West Des Moines, Iowa.

5. Plaintiffs are individuals residing in Pennsylvania with their primary place of residence in Erie, Pennsylvania.

6. The amount in controversy exceeds $75,000. Plaintiffs' complaint seeks damages in an amount to be determined at trial, in damage to the dwelling.

FACTS

I. THE LOSS

7. At all relevant times, Plaintiffs owned and resided at the Property.

8. State Auto issued and delivered to Plaintiffs the insurance policy for the Property (the "Policy").

9. The Policy was issued in consideration of a premium which was paid to, and received and retained by, State Auto.

10. Plaintiffs are identified in the Policy as named insureds.

11. The Policy provides insurance coverage for various causes of loss or damage, including without limitation, damage to the Property caused by water and additional living expenses.

12. On or about April 5, 2022, the Property suffered damage due to a leak from a broken refrigerator line, mold, and/or water loss (the "Loss").

13. The Loss constitutes an occurrence under the Policy and the Loss and damage caused thereby is covered under the Policy.

14. The total damages as a result of the Loss totaled more than $80,000.00.

15. Plaintiffs promptly reported the Loss to State Auto.

16. At all relevant times after the Loss, State Auto had access to the Property, with full opportunity to inspect it.

17. Plaintiffs timely complied with all requests made by State Auto and satisfied all conditions necessary for coverage under the Policy.

18. State Auto acknowledged that the Loss is covered under the Policy.

19. State Auto issued certain payments to plaintiffs for the Loss.

20. The payments issued by State Auto for the Loss to date constitute partial payment of the total amount owed.

21. As such, Defendant owes Plaintiffs full insurance coverage and benefits under the Policy for the Loss, and there is no valid basis for its refusal to issue the same.

22. Plaintiffs continue to be damaged by Defendant's refusal to issue the full amounts due and owing under the Policy.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
### (Damage to the Dwelling)

23. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

24. State Auto has a duty under the Policy to provide coverage for damage to the dwelling at the Property arising from the Loss, including without limitation: Actual Cash Value, Replacement Cost Benefits, and/or increased cost in constructing or repairing the dwelling.

25. Plaintiffs duly notified State Auto of the claim for damages to the dwelling.

26. State Auto has failed and refused to make full and complete payments to Plaintiff for the damage to the dwelling as a result of the Loss pursuant to the terms of the Policy, which constitutes a breach of the Policy.

27. State Auto's conduct has been dilatory and unreasonable.

28. State Auto's conduct has unreasonably obstructed and prevented Plaintiffs from receiving prompt payment for the insurance benefits to which they are entitled.

29. Plaintiffs have been damaged by State Auto's wrongful conduct, including without limitation, suffering extra-contractual consequential damages as a result of State Auto's failure to act promptly and breach of its duty and obligation of good faith and fair dealing.

30. As a result of State Auto's breach, Plaintiffs have been damaged and are entitled to judgment against State Auto in an amount to be determined at trial, plus interest.

SECOND CAUSE OF ACTION
BREACH OF CONTRACT
(FAILURE TO PAY ADDITIONAL LIVING EXPENSES)

1. Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

2. State Auto has a duty under the Policy to provide coverage for Plaintiffs' living expenses, loss of use, and other amounts arising from the Loss ("Additional Living Expenses").

3. State Auto has failed and refused to fully cover Plaintiffs' Additional Living Expenses as a result of the Loss pursuant to the terms of the Policy.

4. State Auto's conduct has been dilatory and unreasonable.

5. State Auto's conduct unreasonably obstructed and prevented Plaintiffs from receiving prompt payment for the insurance benefits to which they are entitled.

6. As a result of State Auto's breach, Plaintiffs have been damaged and are entitled to judgment against State Auto in an amount to be determined at trial, plus interest, for Additional Living Expenses.

CONCLUSION

WHEREFORE, Plaintiffs LANCE THORNTON and SUSAN MULLOOLY respectfully request that this Court enter judgment against Defendant, and enter an Order:

1. On the First Cause of Action, granting judgment against Defendant in an amount to be determined at trial, plus interest;

2. On the Second Cause of Action, granting judgment against State Auto in an amount to be determined at trial, plus interest;

3. Granting such other and further relief as the Court deems just and proper.

Dated:   Buffalo, New York
         November 8, 2022

DUKE HOLZMAN PHOTIADIS & GRESENS LLP

By:   s/ *Christopher M. Berloth*
      Christopher M. Berloth, Esq.*
      *Attorneys for Plaintiffs*
      701 Seneca Street, Suite 750
      Buffalo, New York 14210
      Tel: (716) 855-1111
      cberloth@dhpglaw.com

MARSH SPAEDER BAUR SPAEDER & SCHAAF, LLP

By:   s/ *Michael A. Agresti*
      Michael A. Agresti
      *Co-Counsel for Plaintiffs*
      300 State Street, Suite 300
      Erie, Pennsylvania 16507
      magresti@marshlaw.com

*Pro Hac Vice* application forthcoming